UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JANICE L. NOBLE, | ) |
| | ) No. CV-10-307-CI |
| Plaintiff, | ) |
| | ) ORDER GRANTING PLAINTIFF'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) AND REMANDING FOR ADDITIONAL |
| MICHAEL J. ASTRUE, | ) PROCEEDINGS |
| Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF No. 13, 15.) Attorney Rebecca Coufal represents Plaintiff; Special Assistant United States Attorney Daniel E. Burrows represents Defendant. The parties have consented to proceed before a magistrate judge. (ECF No. 6.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and remands the matter to the Commissioner for additional proceedings.

Plaintiff applied for disability insurance benefits (DIB) on August 13, 2008. (Tr. 11.) She alleged disability due to osteoarthritis, joint disease, hypertension, asthma, and mental problems with an onset date of July 2, 2006. (Tr. 186, 190.) Following a denial of benefits at the initial stage and on reconsideration, a hearing was held before Administrative Law Judge (ALJ) Marie Palachuk on December 22, 2009. (Tr. 38-96.) The following people testified: Plaintiff, who was represented by

counsel; medical experts Arthur Lorber, M.D.; Ronald Klein, Ph.D; vocational expert K. Diane Kramer; and Plaintiff's spouse, Theodore Noble. (*Id.*) On January 11, 2010, ALJ Palachuk denied benefits. (Tr. 11-24.) The Appeals Council denied review, and this appeal followed (Tr. 1-5.)  Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.  *Tackett*, 180 F.3d at 1097;  *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL EVALUATION**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and

detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). If a claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1497-98 (9th Cir. 1984).

## STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. Plaintiff was 57 years old at the time of the hearing. (Tr. 82.) She was married and lived with her spouse. She completed her high school education and two and a half years of college towards a mechanical engineering degree. (Tr. 63.) Plaintiff has a significant work history in the computer design field as a product change coordinator, computer aide design specialist and librarian, and software designer. (Tr. 160-71.) She testified she last worked in July 2006, when she quit her

job due to mental stress and joint pain. (Tr. 69-70, 191.) Plaintiff testified she could no longer work because of depression, anxiety, mental problems, and pain. (Tr. 71-74.) She stated she could walk no more than a block, stand for 15 minutes at a time, and sit for a half hour before having to move around. (Tr. 75-76.)

**ADMINISTRATIVE DECISION**

ALJ Palachuk found Plaintiff was insured for DIB through December 31, 2011. At step one, she found Plaintiff had not engaged in substantial gainful activity since July 2, 2006, the alleged onset date. (Tr. 13.) At step two, she found Plaintiff had the severe impairments of "osteoarthritis and degenerative joint disease of the cervical and lumbar spine." (Tr. 13.) She also found Plaintiff's diagnosed hypertension, asthma, possible fibromyalgia, depressive disorder, and history of panic attacks were non-severe, *i.e.*, they imposed no more than minimal limitations on Plaintiff's ability to perform work-related activities. (Tr. 14.)

After a discussion of the medical evidence, the ALJ found Plaintiff's impairments, alone or in combination, did not equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings). (Tr. 15-16.) After summarizing testimony from Plaintiff and her spouse, Theodore Noble, the ALJ found Plaintiff's subjective complaints and alleged limitations were not credible to the extent they were inconsistent with the RFC findings. (Tr. 18-19.) She also discounted Mr. Noble's testimony and statements submitted by Plaintiff's daughter and a friend. (Tr. 19.) At step four, she determined Plaintiff had the residual functional capacity (RFC) to perform light work, but should avoid "ladders, scaffolds

and ropes, as well as concentrated exposure to vibration." (Tr. 16.) The ALJ identified no other non-exertional limitations caused by severe and non-severe impairments. Considering ME and VE testimony and the administrative record, the ALJ found Plaintiff could perform her past relevant work in the computer design industry and was, therefore, not under a "disability," as defined by the Social Security Act. (Tr. 23-24.)

**ISSUES**

The question presented is whether there is substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred when she: (1) found her mental impairments and fibromyalgia were non-severe at step two; (2) failed to further develop with record with additional consultative examinations; (3) improperly assessed her credibility; (4) improperly rejected lay testimony; and (5) failed to include all her limitations in the hypothetical presented to the VE at step four. (ECF No. 14 at 10-18.) Defendant responds the ALJ's decision is supported by substantial evidence, additional evidence was not warranted, and her findings are free of legal error. (ECF No. 16.)

**DISCUSSION**

**A.  Step Two Mental Impairments**

Plaintiff argues the ALJ erred at step two when she found medical impairments of depression and anxiety were "non-severe." She contends the consultative psychological examination upon which the ALJ relied is inadequate. She also contends the ALJ did not fully develop the record and additional testing should be obtained

to ascertain whether alleged fibromyalgia is a severe impairment. (ECF No. 14 at 10-13.)

To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. §§ 404.1508, 416.908; *Taylor v. Heckler*, 765 F.2d 872, 876 (9th Cir. 1985). The ALJ then determines whether the medically determinable impairment significantly limits her physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c); 416.920(c). The fact that a medically determinable condition exists does not automatically mean the symptoms are "severe," or "disabling" as defined by the Social Security regulations. *See, e.g., Edlund*, 253 F.3d at 1159-60; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). An impairment may be found to be non-severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *SSR* 85-28.[1]

Once medical evidence is provided by the claimant, the Regulations state the agency "will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that

---

[1] The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in *SSR* 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

development of an earlier period is necessary." 20 C.F.R. § 404.1512 (d), 416.912 (d). An ALJ's duty to develop the record further is triggered "only when there is ambiguous evidence or when the record is inadequate for proper evaluation of evidence." *Mayes v. Massanari*, 276 F.3d 453, 4509-60 (9th Cir. 2001) *(citing Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir. 2001)). To further develop the record, the Commissioner may order consultative examinations at the agency's expense. However, the Commissioner has "broad latitude in ordering a consultative examination" *Diaz v. Secretary of Health and Human Services*, 898 F.2d 774, 778 (10th Cir. 1990). Consultative exams are purchased to resolve a conflicts or ambiguities "if one exists." 20 C.F.R. § 404.1519a(a)(2). The claimant has the initial burden to raise the issue; *i.e.,* there must be sufficient objective evidence in the record to suggest the "existence of a condition which could have a material impact on the disability decision." *Hawkins v. Chater*, 113 F. 3d 1162, 1167 (10th Cir. 1997).

**1. Fibromyalgia**

The record shows that in October 2009, Plaintiff's treating medical provider at the Odessa Clinic noted Plaintiff thought she had fibromyalgia. (Tr. 357.) In addition to prescribing Flexeril for pain and recommending a fibromyalgia treatment regime, the provider referred Plaintiff to Mark Sandoval, M.D., at the Rockwood Arthritis Center. The referring provider specifically requested "evaluation and treatment of fibromyalgia." (Tr. 356, 360.)

As found by the ALJ, in December 2009 Plaintiff testified she had been referred to the specialist for testing, and had an

appointment in February 2010. (Tr. 14, 81.) The specialist's report (dated February 6, 2010) was submitted to the Appeals Council after the ALJ rendered her opinion on January 11, 2010. (Tr. 5.) Because the ALJ did not have an opportunity to review this evidence, it is not referenced in her decision. However, Dr. Sandoval's report is part of the record on review by this court. *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993); *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996). This new evidence supports the ALJ's finding that medical evidence does not establish an impairment, severe or non-severe, of fibromyalgia. (Tr. 5, 14, 363.)

    Plaintiff argues Dr. Sandoval did not test for fibromyalgia, but fails to present evidence to support this finding. (ECF No. 14 at 10.) The record clearly shows the referral to Dr. Sandoval was for the sole purpose of the "evaluation and treatment of fibromyalgia." (Tr. 360.) Because Dr. Sandoval makes no reference to a finding to support a diagnosis of fibromyalgia or rheumatoid arthritis, and makes no recommendation regarding treatment, the court reasonably infers that a diagnosis of fibromyalgia is not established. Further, as stated by Plaintiff, the primary symptom of fibromyalgia is diffuse pain. (ECF No. 14 at 10-11.) This is also a symptom of the severe physical impairments established by medical evidence, the effects of which were considered throughout the sequential evaluation process. Therefore, even if fibromyalgia were excluded erroneously at step two, it is a harmless error and does not require remand. *Shineski v. Sanders*, 129 S.Ct. 1696, 1706 (2009)(claimant has burden of showing harm of error in administrative proceedings).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

**2.   Mental Disorders**

The medical record establishes Plaintiff was assessed with situational anxiety and depression by treating physician Mark Brooks, M.D., in May 2006. (Tr. 257.) However, his treatment notes indicate Plaintiff's primary concerns in 2006 were joint pain, fatigue, and an inability to perform physical aspects of her job. (*See* Tr. 253-56, 335-37, 346-51.)

After Plaintiff applied for social security benefits in August 2008, the agency ordered a consultative psychological examination to assess Plaintiff's mental condition. (Tr. 190, 285.) In October 2008, examining psychologist Nathan Henry, Psy.D. assessed "Major Depressive Disorder, Single Episode, Moderate," and "Anxiety Disorder, Not Otherwise Specified." (Tr. 288.) He opined it was unlikely Plaintiff could function currently in a work environment due to difficulty completing basic life tasks and problems with memory and concentration. (*Id*.) His conclusions were based on a clinical interview and mental status examination. (Tr. 285-88.)

The ALJ found Plaintiff's "depressive disorder" and "history of panic attacks" were "medically determinable mental impairments," but were non-severe. (Tr. 14-15.) It appears in making this finding, she relied on Dr. Klein's non-examining opinions that the diagnosed mental impairments did not have more than a minimal effect on Plaintiff's ability to work. (Tr. 55, 59.) In addition, she specifically rejected Dr. Henry's diagnosis of major depressive disorder (Tr. 14, 22), finding his evaluation was not supported by objective testing and was based only on Plaintiff's subjective report of symptoms which were found unreliable. (Tr. 22.) This

finding is based also on Dr. Klein's testimony that the proper diagnosis was depressive disorder with a history of panic attacks. (Tr. 53.) The ALJ's reliance on Dr. Klein's unsupported non-examining medical opinion is legal error requiring remand. 20 C.F.R. §§ 404.1527(d)(1); 416.927(d)(1); *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004) (examining physician's opinion carries more weight than a non-examining reviewing or consulting physician's opinion); *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995)(non-examining medical source opinion is not substantial evidence unless it is supported by other evidence in record); *Andrews*, 53 F.3d at 1041 (non-examining opinion absent independent clinical findings is insufficient to reject the opinions of an examining medical source).

Further, Dr. Klein's testimony created an ambiguity that requires further development of the record. Specifically, Dr. Klein noted Dr. Henry's opinions were not supported by objective testing to establish diagnoses or measure the severity and credibility of claimed symptoms. (Tr. 54-56.) Dr. Klein's expert testimony triggered the ALJ's duty to order a supplemental psychological evaluation that includes objective testing necessary to evaluate properly the evidence of record. *Mayes,* 276 F.3d at 459-60 (9th Cir. 2001).

**B.   Remedy**

Having rejected Dr. Henry's opinions regarding Plaintiff's limitations, the ALJ relied erroneously on Dr. Klein's unsupported non-examining opinions. The record is not adequate to make a determination of disability. Therefore, remand is required for a new psychological evaluation to include objective personality

testing, as well as testing for malingering.  The results of this examination will require a new sequential evaluation, a reevaluation of Plaintiff's credibility and a re-assessment of Plaintiff's RFC to include non-exertional limitations supported by substantial evidence.  *Moisa v. Barnhart*, 367 F.3d 882, 886-87 (9th Cir. 2004) (remand for additional proceedings appropriate in most circumstances, rather than directions to award benefits).  If lay testimony is rejected, the ALJ is required to give specific, "germane" reasons for doing so.  *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).  Accordingly,

   **IT IS ORDERED**:

   1.  Plaintiff's Motion for Summary Judgment **(ECF No. 13 )** is **GRANTED** and the matter is remanded to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g) and consistent with this Order.

   2.  Defendant's Motion for Summary Judgment **(ECF No. 15)** is **DENIED.**

   3.  Application for attorney fees may be filed by separate motion.

   The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  The file shall be **CLOSED** and judgment entered for **Plaintiff**.

   DATED January 31, 2012.


                    S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12